[No. 68.    Second Appellate District.—August 24, 1905.]

## B. F. ELLIS et al., Respondents, v. W. J. DOHERTY, Appellant.

MONEY HAD AND RECEIVED—PLEADINGS—FINDINGS.—In an action to recover a balance of money alleged to have been delivered to the defendant for the use of the plaintiff, in which the answer admits the receipt of the money and sets up that by an agreement between the plaintiff and the defendant the latter paid to himself a portion of the balance sued for, findings as to the specific terms of such agreement are within the issues presented by the pleadings.

APPEAL from a judgment of the Superior Court of Kern County. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Smith & Allen, for Appellant.

Edwin Baxter, and T. F. Allen, for Respondents.

ALLEN, J.—Plaintiffs in their amended complaint, and for a third cause of action, allege that defendant is indebted to them in the sum of $43,244.59, upon an account for lawful money delivered by the plaintiffs to defendant for plaintiffs' use and benefit, which sum defendant promised and agreed to pay; the non-payment of which, except the sum of $41,315.57, is alleged, and that there was unpaid the sum of $1,929.02, with interest from May 13, 1902. Defendant in his answer admits receipt of such money, but avers that he paid out of the same to other parties, creditors of plaintiffs, the sum of $41,495.32; that by agreement between plaintiffs and defendant he paid to himself one thousand dollars, and

denies that any balance in excess of $749.27 is in his possession.

Upon the trial the court found that the defendant had not paid out of said moneys any sum in excess of $41,315.57; that there was no agreement that defendant should pay himself one thousand dollars, but, on the contrary, the agreement was, that after the payment to plaintiffs of four dollars per day each, for time employed in the construction of a building in connection with which plaintiffs' money was received by defendant, if sufficient profit remained growing out of such construction, defendant should have one thousand dollars. The court finds that when the building was completed and the per diem due defendants deducted, there remained but two hundred dollars of profit applicable to the payment of defendant's demand. It was further found that pending the action defendant had paid plaintiffs $729.02; and judgment was rendered for one thousand dollars, which was the balance found by the court remaining in defendant's hands, after crediting him with the two hundred dollars.

From this judgment defendant appeals, the sole question presented by appellant being that the findings and judgment do not rest on the pleadings. There is no merit in this contention. The answer, setting up the agreement by which defendant was to pay himself out of the funds one thousand dollars, presented an issue, and in its determination the court properly found the facts in relation to the agreement under which the payment, or any payment, was due defendant. The findings are within the issues and they support the judgment, and the judgment is affirmed.

Gray, P. J., and Smith, J., concurred.